United States District Court
Southern District of Texas
**ENTERED**
April 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Joe Hand Promotions, Inc., § | |
|    Plaintiff, § | |
| § | |
| v. § | Civil Action H-20-1849 |
| § | |
| Cisto Ojeda, § | |
| Crystal Ojeda, and § | |
| The Daiquiri Group, LLC, § | |
| d/b/a Airport Daiquiris, § | |
|    Defendants. § | |

# Report and Recommendation on Motion for Default Judgment

Joe Hand Promotions, Inc. (Joe Hand) has moved for default judgment against all three Defendants. (20) Joe Hand seeks statutory damages in the amount of $10,000, additional damages in the amount of $20,000, attorneys' fees in the amount of $2,325 plus fees that will be accrued post-judgment, costs, and post-judgment interest.

A motion for default judgment requires the court to determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

"[A] default judgment must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'"

*Wooten v. McDonald Transit Assocs., Inc.,* 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Judgments by default are a drastic remedy and are disfavored by the courts. *Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977); *Lindsey*, 161 F.3d at 893.

Joe Hand has shown that the complaint, summons, and other documents were served on all Defendants in compliance with the court's Order of Substituted Service of Process. (10, 11, 12, 13, 14) No Defendant has answered or otherwise responded. The Clerk's entry of default (17) was appropriate as to all Defendants.

Joe Hand has shown that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. § 605. Joe Hand has presented evidence that on October 6, 2018, Airport Daiquiris displayed the event entitled "Ultimate Fighting Championship® 229: Khabib vs. McGreger" without authorization. (20-2, 20-5, 20-7)

Airport Daquiris showed the event on two televisions. The event was advertised on Facebook. There was no cover charge. The establishment sells frozen drinks, including daiquiris, but there is no evidence that drinks were sold on the night of the program. Joe Hand has shown that the event could not be shown at Airport Daiquiris without a purposeful act to intercept and receive the broadcast.

Joe Hand's investigator determined that the seating capacity of the establishment was twenty. He could not count the number of people but saw a crowd watching the fight. The commercial sublicense fee for an establishment seating up to 20 patrons was $788 for this event.

Based on the evidence of record, the court recommends that default judgment be entered in favor of Joe Hand Promotions, Inc. in the amount of $2,788 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i) and (ii); $2,325 for attorneys' fees; post-judgment

interest at the effective rate on the date of entry of judgment; and costs.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on April 2, 2020.

*Peter Bray*
Peter Bray
United States Magistrate Judge